**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CELESTINE F. TAYLOR,** *et al.*, | ) | |
| | ) | **PUBLISH** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 07-0771-WS-M** |
| | ) | |
| **HOLIDAY ISLE, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

        This matter comes before the Court on the Motion for Partial Summary Judgment (doc. 9) filed by defendant Holiday Isle, LLC.  The Motion has been briefed and is ripe for disposition at this time.[1]

**I.      Relevant Background.**

        The relevant underlying facts are straightforward and undisputed.  Plaintiffs Celestine F. Taylor, Richard Murray, III, John and Lisa Murray, Arthur Fitzner, and John and Tracy Gardner all entered into agreements with defendant Holiday Isle, LLC to purchase enumerated condominium units of a development being constructed by Holiday Isle in Mobile County, Alabama.  Uncontroverted record facts reflect that each plaintiff signed Pre-Construction Purchase and Escrow Agreements (the "Agreements") with Holiday Isle between February 22,

---

        [1]        Also pending is plaintiffs' Motion for Court to Consider Additional Authority (doc. 14).  In its discretion, the Court **grants** that Motion, and will consider *Sarfati v. Wood Holly Associates*, 874 F.2d 1523 (11th Cir. 1989), in the analysis.  Unfortunately, plaintiffs merely provide a citation for *Sarfati* (to which they repeatedly refer as "*Safarti*") and assert in conclusory terms that plaintiffs' counsel "believes it to be instructive" even though counsel concedes that it "is not on point."  (Doc. 14, ¶ 2.)  Given the lack of illumination by plaintiffs as to how this admittedly not-on-point case is instructive, the Court is left guessing as to what plaintiffs maintain the significance of *Sarfati* is for the issues being litigated in the Motion for Partial Summary Judgment.  The Court will not make a party's arguments for it, and will not hypothesize or speculate as to what a party's unspoken intentions might have been in citing a particular authority.

2005 and March 3, 2005.[2]  Each plaintiff paid a substantial earnest money deposit or arranged for delivery of a standby letter of credit to Holiday Isle, to be held by an escrow agent pending closing.

On June 5, 2007, plaintiffs' counsel transmitted a letter to Holiday Isle on behalf of all plaintiffs in this case purporting to exercise their right to rescind the Agreements pursuant to the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701 *et seq.* ("ILSFDA").  Among other things, the June 5 letter asserted that Holiday Isle had violated 15 U.S.C. § 1703, which requires a property report to be provided to the purchaser in advance of that purchaser executing the sales agreement, and which further requires certain contractual language that was omitted by Holiday Isle.  On that basis, the June 5 letter stated, "please be advised that [plaintiffs] hereby rescind the Contracts pursuant to ILSFDA [and] demand a return of their earnest money or a release of their letters of credit."  (Doc. 9, Exh. F.)  When Holiday Isle declined to honor this request, plaintiffs filed suit in this District Court on October 30, 2007.

In their Complaint for Declaratory Judgment and Damages (doc. 1), plaintiffs delineate four causes of action, including a claim under the ILSFDA and pendent state-law claims for breach of contract, conversion and declaratory judgment.  The sole cause of action at issue for purposes of the Motion for Partial Summary Judgment is Count One, in which plaintiffs allege, *inter alia*, that they "are entitled to and have rescinded the Contracts pursuant to 15 U.S.C. § 1703(c) and (d)."  (Complaint, ¶ 53.)[3]  The finite, discrete issue presented by Holiday Isle's

---

[2]      The plaintiff-by-plaintiff breakdown is as follows: Richard Murray, III signed his Agreement on February 22, 2005; John and Lisa Murray signed their Agreement on February 27, 2005; Celestine F. Taylor signed her Agreement on February 28, 2005; John and Tracey Gardner signed their Agreement on March 3, 2005; and Arthur Fitzner signed his Agreement on March 3, 2005.  (*See* doc. 9, at Exh. A-E.)

[3]      More specifically, plaintiffs contend in Count One that their right to rescind stems from various ILSFDA violations by Holiday Isle, including its failure to register the condominium project, its failure to provide the required property report, its failure to state in the Agreements that plaintiffs had the right to rescind within two years if no property report were furnished before signing, and its inclusion of language in the Agreements designed to avoid application of the ILSFDA.  Because the only issue presented in the Rule 56 Motion is whether plaintiffs timely invoked their statutory rescission rights, the Court will assume (without deciding) for purposes of this Order that Holiday Isle in fact violated the ILSFDA in the manner

Motion for Summary Judgment is whether plaintiffs' rescission claim is timely. Holiday Isle maintains that plaintiffs missed the two-year deadline for rescinding the Agreements, and that Count One is therefore properly dismissed. Plaintiffs oppose the Motion on the grounds that Count One is governed by a three-year statute of limitations, not the two-year period for rescission established by § 1703(c).[4]

## II.     Analysis.

The lone legal issue presented by Holiday Isle's Rule 56 Motion concerns the meaning of and interplay between two distinct provisions of the ILSFDA, to-wit: 15 U.S.C. §§ 1703(c) and 1711(b).[5]  Section 1703 provides that if a property report is required and has not been provided to the purchaser in advance of execution of the purchase agreement, "such contract or agreement may be revoked at the option of the purchaser or lessee *within two years from the date of such signing*, and such contract or agreement shall clearly provide this right."  15 U.S.C. § 1703(c) (emphasis added).  By contrast, section 1711 provides that "[n]o action shall be maintained ... to enforce a right created under subsection (b), (c), (d), or (e) of section 1703 of this title *unless brought within three years after the signing of the contract or lease*."  15 U.S.C. § 1711(b) (emphasis added).

As the Court understands it, Holiday Isle's position is that rescission is an available

_____

described in Count One.

[4]      In its reply brief, defendant states that "[p]laintiffs do not dispute that the federal remedy of rescission or revocation pursuant to ILSA in 15 U.S.C. § 1703(c) must be brought within two years after Claimants signed their agreements."  (Doc. 13, ¶ 2.)  This characterization of plaintiffs' position is inaccurate; indeed, plaintiffs emphatically argue that their rescission claims are subject to the § 1711 three-year limitations period, and that the two-year requirement of § 1703(c) is simply a period "allow[ing] the buyer to walk away from a purchase agreement without having to file a legal claim."  (Doc. 12, at 7.)  Contrary to defendants' assertion, then, whether plaintiffs' rescission remedy is subject to a two-year or three-year limitations period lies at the heart of the debate on this Rule 56 Motion.

[5]      "The ILSFDA was intended to curb abuses accompanying interstate land sales."  *Winter v. Hollingsworth Properties, Inc.*, 777 F.2d 1444, 1448 (11th Cir. 1985).  In light of its remedial purpose, "when faced with an ambiguity regarding the scope of an exemption [in the ILSFDA], the court must interpret the exemption narrowly, in order to further the statute's purpose of consumer protection."  *Meridian Ventures, LLC v. One North Ocean, LLC*, 538 F. Supp.2d 1359 (S.D. Fla. 2007).  The Court's analysis proceeds in recognition of these principles.

remedy under the ILSFDA only if a plaintiff invokes such remedy within two years after he or she signs the purchase agreement.  Here, of course, it is uncontested that plaintiffs did not exercise their right of rescission within the two-year window, as they signed their agreements in February or March 2005, but did not notify Holiday Isle of the rescission until June 2007, approximately 27 months later.  According to defendant, then, plaintiffs' failure to rescind their contracts within the two-year period provided by § 1703(c) renders Count One time-barred. Plaintiffs' interpretation of the ILSFDA is different.  They assert that the three-year limitations period set forth in § 1711(b) preserves the timeliness of their rescission claims, inasmuch as there is no dispute that the Complaint was filed within three years after plaintiffs signed the Agreements.  Plaintiffs further insist that Holiday Isle's failure to include in the Agreements language apprising them of their statutory revocation rights nullifies the two-year period set forth in § 1703(c) and entitles them to the more lenient three-year period provided by § 1711(b).

Judging by the paucity of authority presented by the parties and the dearth of helpful case law brought to light by the undersigned's own research, this legal question has not been definitively resolved by any published federal decision.[6]  Nonetheless, after careful scrutiny of

---

[6]      Indeed, the only authority cited by Holiday Isle for the proposition that a purchaser's two-year right of rescission under the ILSFDA is not extended by a developer's failure to provide notice of the right to rescind in the purchase agreement itself is a 1992 unpublished federal district court opinion from Virginia, styled *Orsi v. Kirkwood*, 1992 WL 511406 (E.D. Va. Apr. 14, 1992).  Although *Orsi* was affirmed on appeal, the appellate decision contains a footnote through which the Fourth Circuit expressly sidestepped the question of whether the district court was correct in deeming the plaintiffs' rescission claim untimely notwithstanding the developer's failure to provide notice of the right to rescind in the purchase agreement.  *See Orsi v. Kirkwood*, 999 F.2d 86, 90 n.2 (4th Cir. 1993).  Thus, while Holiday Isle attempts to bolster the unpublished district court opinion in *Orsi* with the Fourth Circuit's published affirmance of same, at the end of the day defendant's argument rests solely on that unpublished district court opinion.  Likewise, the sole precedent identified by plaintiffs for the opposite proposition is a 2000 state-court decision from an intermediate appellate court in Florida, styled *Engle Homes, Inc. v. Krasna*, 766 So.2d 311 (Fla. App. 4 Dist. 2000), which applied the doctrine of waiver to extend the two-year statutory period indefinitely in the absence of notice.  Aside from these cases, defendant muddies the waters by relying on cases -- most notably *Lukenas v. Bryce Mountain Resort, Inc.*, 538 F.2d 594 (4th Cir. 1976) -- that predate the 1979 amendments to 15 U.S.C. §§ 1703 and 1711.  The ILSFDA having been amended in material ways after these decisions were issued, and this case calling for judicial construction of those amendments, *Lukenas* and its ilk are of little aid in construing the statute as it is presently

-4-

the statutory language, the limited interpretive guidance available, and the parties' contentions, the Court concludes that defendant has the better argument.  As an initial matter, the ILSFDA is quite clear that if a property report is required and is not provided to the purchaser in advance of execution of the purchase agreement, "such contract or agreement may be revoked at the option of the purchaser ... within two years from the date of such signing."  15 U.S.C. § 1703(c). Simply stated, if plaintiffs wanted to rescind their purchase agreements with Holiday Isle because of the latter's failure to furnish them with a property report before they signed those Agreements, they had two years in which to do so.  Yet plaintiffs did not timely avail themselves of that right.  By waiting approximately 27 months before attempting to revoke the Agreements for failure to comply with the property report requirement, plaintiffs failed to abide by the two-year window for rescission as provided on the face of § 1703(c).

Plaintiffs do not dispute this construction of § 1703(c), nor do they maintain that they actually rescinded the Agreements within the time frame established by that section.  Instead, they argue that the two-year period for rescission as specified in § 1703 is trumped by the three-year limitations period for filing a lawsuit as provided by § 1711.  In other words, plaintiffs would have this Court hold that a plaintiff's failure to rescind an agreement in a timely manner under § 1703(c) is cured as long as he or she files a lawsuit for rescission within the temporal limits of § 1711(b).  Nothing in the statutory language would support reading § 1703(c)'s two-year limit as being merely optional or aspirational for a purchaser.  Certainly, it is accurate that plaintiffs may bring a suit in law or equity to enforce a right created under § 1703(c) "within three years after the signing of the contract."  15 U.S.C. § 1711(b).  It is likewise correct that plaintiffs in this case filed suit (including their rescission claim) against Holiday Isle within that requisite three-year period.  But the Court cannot adopt plaintiffs' reductionist reasoning that § 1711 renders their rescission claims timely as long as they are brought within three years, even where plaintiffs have failed to comply with § 1703(c)'s two-year period for rescinding the Agreements.  Plaintiffs would effectively excise from the ILSFDA the language in § 1703(c) setting a two-year period for a purchaser to rescind an agreement for want of a property report.

---

constituted.  Yet despite the largely blank canvas of federal precedents bearing on this question, defendant protests that "overwhelming legal authority" favors its stance.  (Doc. 13, ¶ 1.)

In addition to authorizing purchasers to disregard that two-year requirement with impunity, such a construction would contravene the fundamental principle that, to the extent possible, "the rules of statutory construction require courts to give meaning to every word and clause in a statute." *Brotherhood of Locomotive Engineers and Trainmen v. CSX Transp., Inc.*, 522 F.3d 1190, 1195 (11th Cir. 2008); *see also Nunnally v. Equifax Information Services, LLC*, 451 F.3d 768, 773 (11th Cir. 2006) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.") (citations and internal quotation marks omitted).

Is it possible, then, to harmonize the two-year period set forth in § 1703(c) with the three-year limitations period established by § 1711(b)?  The Court believes it is.  The two provisions may be construed in a coherent and congruent fashion as follows: Section 1703(c) provides that a purchaser must exercise revocation rights within two years.  If the developer/seller refuses to honor the purchaser's timely rescission of the purchase agreement under § 1703(c), then the purchaser has a third year (pursuant to § 1711(b)) in which to file suit to enforce that right of rescission.  But if the purchaser fails to rescind the contract within those first two years, as required by § 1703(c), that right of rescission is extinguished by the plain operation of that section, such there would no longer be any § 1703(c) right to enforce via the three-year limitations period provided by § 1711(b).[7]  Stated differently, the most logical reading of these provisions, and the only one that gives effect to the disparate time limits set forth in each of them, is that a plaintiff's rescission claim requires compliance with <u>both</u> § 1703(c)'s two-year limit for exercising the right of rescission <u>and</u> § 1711(b)'s three-year limit for filing suit based on the seller's refusal to honor said rescission.[8]  Thus, plaintiffs' compliance with § 1711(b) is of no

---

[7]     By its terms, the ILSFDA authorizes purchasers to file suit "to enforce any right under subsection (b), (c), (d), or (e) of section 1703."  15 U.S.C. § 1709(b).  But § 1703(c) only provides a right to rescind for two years.  If a purchaser fails to exercise that right within two years, then there is no § 1703(c) rescission right to enforce via a § 1709(b) lawsuit.

[8]     This construction of the various ILSFDA temporal requirements finds support in both statutory language and several ancillary authorities.  For instance, legislative history accompanying the 1979 amendments to the ILSFDA explains that, "while retaining the two-year revocation period for failure to provide the property report, that right must be clearly indicated in the contract or agreement ***and a purchaser or lessee has a third year in which to sue to enforce***

consequence, and cannot revive their time-barred rescission rights if they failed to satisfy §
1703(c) by rescinding the Agreements with Holiday Isle within a two-year period.[9]

Plaintiffs' argument that the three-year period in § 1711(b) negates the two-year period in
§ 1703(c) having been rejected, their fallback position is that they should not be held to the two-
year period in § 1703(c) because Holiday Isle failed to include in the Agreements the requisite
notice of their right to rescind. The statute provides that if a property report is required by the
ILSFDA and the seller fails to furnish it to the buyer before the agreement is signed, "such
contract or agreement may be revoked at the option of the purchaser or lessee within two years
from the date of such signing, ***and such contract or agreement shall clearly provide this right***."
15 U.S.C. § 1703(c) (emphasis added). It is undisputed that the Agreements prepared by
Holiday Isle and executed by plaintiffs did not notify plaintiffs of their right to rescind the
Agreements within two years if no property report had been provided. The crucial question for
purposes of Holiday Isle's Rule 56 Motion is what the legal effect of that omission is.

Although it is difficult to glean plaintiffs' precise reasoning from their brief, their

_____

***the right***." H.R. Rep. No. 96-154, at 36 (1979) (emphasis added). Likewise, a group of
commentators interpreted these provisions as follows: "The actual revocation action must be
instituted by the buyer within the time periods specified in each specific provision. That is ... the
revocation for failure to deliver a property report in advance ... must be exercised within two
years from the signing. The three-year limitation period is for actions to enforce the revocation
right when the developer refuses to fulfill this obligation." Paul Barron, *et al.*, 1 *Fed. Reg. Real
Estate & Mortgage Lending* § 3:97 (4th ed. 2007) (footnote omitted). This view is echoed by
another commentator, who wrote that "the limitations period is three years after the signing of
the contract or lease ... if the action is for the enforcement of the following revocation rights
created by the Act: (1) the general 7-day revocation right effective after a contract of sale or
lease is signed; (2) the 2-year revocation right effective when a property report is not furnished
in advance of signing a contract for sale or lease." Howard J. Alperin & Roland F. Chase, 36A
*Mass. Prac., Consumer Law* § 28:27 (2d ed. 2007) (footnotes omitted).

[9]     That said, if plaintiffs had sent their notice of rescission to Holiday Isle within
two years after they signed the Agreements, then their rescission claims in this lawsuit would
have been timely because they were brought within three years after the Agreements were
signed. As noted *supra*, however, it is undisputed that plaintiffs waited more than two years
after signing the Agreements before they attempted to exercise their § 1703(c) rescission rights.
Their failure to satisfy that prerequisite renders those claims barred, irrespective of plaintiffs'
compliance with the § 1711(b) three-year limitations period.

position is apparently that Holiday Isle's failure to provide notice to plaintiffs of their right to rescind within two years excuses plaintiffs' non-exercise of that rescission right within the § 1703(c) period.  But nothing in the ILSFDA states that failure to disclose the right to rescind in the purchase agreement obviates, tolls or extends the two-year deadline for rescission.[10]  Nothing in the statute says that the two-year period prescribed by § 1703(c) runs from the date that purchasers discovered or should have discovered they had a right to rescind.  Plaintiffs would thus apparently have this Court engraft new language onto the relevant provisions of the ILSFDA by judicial fiat, substituting its judgment for that of the legislature.  Courts are quite naturally leery of interpreting statutes in a manner that effectively tacks on new language that Congress did not see fit to include.  *See generally Harris v. Garner*, 216 F.3d 970, 976 (11th Cir. 2000) ("We will not do to the statutory language what Congress did not do with it, because the role of the judicial branch is to apply statutory language, not to rewrite it.").  Nor have plaintiffs identified persuasive case authority that has construed the ILSFDA in the manner they advocate here.[11]  As a matter of statutory construction, then, the Court cannot concur with plaintiffs'

---

[10]     Unquestionably, Congress knows how to extend rescission deadlines in consumer protection statutes when a seller fails to comply with disclosure requirements.  For example, in the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*, Congress specifically extended a three-day rescission period to three years if the requisite notice of the right to rescind was not provided by the lender.  *See* 15 U.S.C. § 1635(a), (f).  Had Congress wanted the lack of notice to have a similar effect on rescission deadlines in the ILSFDA that it does under TILA, it knew how to do so.  The Court must assume that its failure to include such a proviso here was a deliberate legislative choice.

[11]     The only case that plaintiffs cite in support of the proposition that lack of notice of their right of rescission extends or eliminates the § 1703(c) deadline is *Engle Homes, Inc. v. Krasna*, 766 So.2d 311 (Fla. App. 4 Dist. 2000).  In *Krasna*, the court did not examine the statutory language in meaningful detail, but instead held in conclusory terms that the purchasers could not have timely waived their right to rescind the contract because the right of rescission was not expressly stated in the contract, and the purchasers did not learn of that right until 31 months after the fact.  *Krasna*'s reasoning is problematic and ultimately unavailing to plaintiffs for three reasons.  First, the doctrine of waiver generally does not apply to a plaintiff's failure to bring an action within a statutory limitations period; rather, waiver is generally discussed in terms of a defendant's waiver of a right to invoke the limitations defense.  *See generally Day v. Crosby*, 391 F.3d 1192, 1194 (11th Cir. 2004) ("In an ordinary civil case, a failure to plead the bar of the statute of limitations constitutes a waiver of the defense.") (citation omitted).  Second, *Krasna*'s determination that the purchasers could not be held accountable for a statutory

suggestion that a developer's failure to provide notice of the right of rescission in a purchase agreement eliminates the two-year requirement for rescission under § 1703(c).

In the alternative, plaintiffs posit that enforcing the two-year rescission period when the developer failed to provide the notice required by § 1703(c) would effectively render the notice requirement meaningless, enabling developers to flout it with no adverse repercussions and thereby to frustrate Congressional intent. But plaintiffs read the statute too narrowly. The ILSFDA confers upon purchaser the right "to bring any action at law or in equity against the seller ... to enforce any right under subsection (b), (c), (d), or (e) of section 1703 of this title." 15 U.S.C. § 1709(b). Of course, section 1703(c) requires sellers to disclose the rescission right to purchasers before a contract is signed. Thus, § 1709(b) would plainly allow a purchaser to bring a claim for damages based on a seller's failure to provide the statutorily required notice of rescission. The point is that the ILSFDA does provide a remedy for a seller's violation of the § 1703(c) notice requirement, albeit perhaps not the remedy that plaintiffs want (to wit, resuscitation of rescission rights that plaintiffs allowed to lapse). Contrary to plaintiffs' assertion, then, enforcing the statutory two-year rescission period in these circumstances is not tantamount to writing the notice requirement out of the ILSFDA.

Additionally, the Court recognizes the possibility that a developer's failure to provide the

---

limitations period of which they were not aware is contrary to well-established law concerning tolling of such periods. A plaintiff's lack of knowledge of a limitations deadline is generally not an excuse for his failure to comply with it. *See, e.g., Wakefield v. Railroad Retirement Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling."); *Whitt v. Stephens County*, --- F.3d ----, 2008 WL 2122814, *5 n.7 (5th Cir. May 21, 2008) (opining that "neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling of limitations") (citation omitted). Third, even if *Krasna*'s waiver analysis were appropriate here, plaintiffs have submitted no evidence that they were in fact unaware of their rescission rights until after the two-year window had passed. Unadorned representations of counsel in a summary judgment brief are not a substitute for appropriate record evidence. *See generally Nieves v. University of Puerto Rico*, 7 F.3d 270, 276 (1st Cir. 1993) ("Factual assertions by counsel in motion papers, memoranda, briefs, or other such 'self-serving' documents, are generally insufficient to establish the existence of a genuine issue of material fact at summary judgment."); *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp.2d 1228, 1236 (M.D. Ala. 2000) ("opinions, allegations, and conclusory statements of counsel do not substitute for evidence"); *Williams v. Saxon Mortg. Co.*, 2008 WL 45739, *5 n.9 (S.D. Ala. Jan. 2, 2008) (similar).

required notice of rescission rights might conceivably support a viable equitable tolling argument. *See generally Arce v. Garcia*, 434 F.3d 1254 (11th Cir. 2006) ("The basic question to be answered in determining whether, under a given set of facts, a statute of limitations is to be tolled, is one of legislative intent whether the right shall be enforceable ... after the prescribed time.") (citations and internal quotations omitted). That said, equitable tolling is an extraordinary remedy that obliges plaintiffs to satisfy their burden of showing "extraordinary circumstances" that are both beyond their control and unavoidable even with diligence. *See id.* at 1261; *Brotherhood of Locomotive Engineers*, 522 F.3d at 1197 (reciting general principles concerning application of equitable tolling). Plaintiffs in this case have failed to meet their burden of establishing a valid basis for equitably tolling the two-year statutory period for rescission.[12]

**III.    Conclusion.**

For all of the foregoing reasons, defendant's Motion for Partial Summary Judgment (doc. 9) is **granted**, and plaintiffs' claims for rescission in Count One of the Complaint are **dismissed**.[13]

---

[12]    Indeed, they have failed to submit an equitable tolling argument at all. The only circumstance plaintiffs identify in support of their request for relief from the two-year rescission deadline is Holiday Isle's failure to provide notice of that deadline in the Agreements. In isolation, the lack of notice by Holiday Isle does not constitute extraordinary circumstances to justify the extraordinary remedy of equitably tolling the two-year rescission period. Simply stated, this meager record cannot support a finding that plaintiffs were unable to rescind their Agreements within two years because of circumstances beyond their control and unavoidable even with diligence. Plaintiffs have not even propounded such an argument in their brief; therefore, application of the equitable tolling doctrine is unwarranted here.

[13]    The parties' arguments in their summary judgment briefs focused on the rescission issue, but the Motion for Partial Summary Judgment actually seeks dismissal of Count One in its entirety. All of the rescission claims in Count One fail under the foregoing analysis, inasmuch as they all were brought after the two-year period for rescission prescribed in §§ 1703(c) and 1703(d). That said, Count One is postured as a claim for damages and other relief, in addition to rescission. Moreover, Count One alleges a number of violations of § 1703, including Holiday Isle's failure to register the development with HUD, its failure to provide the property report, its failure to state that the Agreements could be rescinded within two years for failure to provide the property report, and its inclusion of language designed to avoid the application of the ILSFDA. The non-rescission aspects of Count One are not dismissed by this

DONE and ORDERED this 30th day of May, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

Order, and plaintiffs may continue to pursue Count One to the extent it calls for remedies other than rescission.  Defendant's Motion is therefore **denied** insofar as it seeks dismissal of Count One in its entirety.