IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD MURRAY, III,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 07-0771-WS-M |
| ) | |
| **HOLIDAY ISLE, LLC,** ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on Defendant's Motion in Limine (doc. 121). The Motion has been briefed and is ripe for disposition.

In the parties' Joint Pretrial Document (doc. 117), plaintiffs listed Carissa Carisse as a witness whom they will call at trial, and listed an unnamed "Meyer Realty representative" as a witness whom they may call. Based on plaintiffs' counsel's representations during the Final Pretrial Conference as well as plaintiffs' Response (doc. 122) to the pending Motion, it appears that plaintiffs intend to call Carisse for the sole purpose of describing her observations of the appearance of certain units (albeit not the ones that plaintiffs had contracted to purchase) at the Holiday Isle condominium project during a site visit on March 30, 2007. Additionally, it appears that if plaintiffs call the Meyer Realty representative, it will be for the sole purpose of obtaining and authenticating certain punchlists for Holiday Isle units.

Defendant petitions the Court *in limine* to exclude all testimony of Carisse and the Meyer Realty representative on the ground that plaintiffs failed to disclose either witness in a timely manner. In particular, defendant maintains (and plaintiffs do not dispute) that plaintiffs failed to identify these witnesses in their initial disclosures pursuant to Rule 26(a)(1), Fed.R.Civ.P., or any supplements to same pursuant to Rule 26(e)(1). It is undisputed that plaintiffs first listed these witnesses in their pretrial disclosures pursuant to Rule 26(a)(3) in March 2009, well after the relevant discovery deadline and less than two months before trial. On that basis, defendant contends that both witnesses should be excluded from trial under Rule 37(c)(1), which states in part as follows: "If a party fails to provide information or identify a witness as required by Rule

26(a) or (e), the party is not allowed to use that information or witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless." *Id.*; *see also OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008) ("Under Rule 37(c)(1), a district court clearly has authority to exclude [a witness]'s testimony where a party has failed to comply with Rule 26(a) unless the failure is substantially justified or is harmless."); *Reese v. Herbert*, 527 F.3d 1253, 1265-66 (11th Cir. 2008) (explaining that Rule 26 requirements are not merely aspirational, and that district court clearly acted within its discretion by excluding witness where party's failure to comply with Rule 26(a) was both unjustified and harmful); *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (opining that it is "within the sound discretion of the trial judge to sanction plaintiffs for their failure to disclose by enforcing the unambiguous terms of Rule 37(c)").

With respect to Carissa Carisse, the Court is satisfied that the omission of her name from plaintiffs' Rule 26(a)(1) disclosures and Rule 26(e) supplementation was both substantially justified and harmless. Plaintiffs' failure to disclose Carisse's name earlier was substantially justified for two reasons. First, plaintiffs' counsel represents to the Court that she did not learn until sometime after February 20, 2009 that Carisse had observed the state of completion of certain units at Holiday Isle on March 30, 2007. There is no reason to doubt the veracity of counsel's statement on this point.[1] There is neither accusation nor evidence that plaintiffs' counsel wilfully failed to disclose Carisse's name previously, or that the nondisclosure was the product of stonewalling, sandbagging, or misconduct of any kind. Instead, by all appearances,

---

[1] To the contrary, the chronology of events lends support to it. Carisse is a claimant (through a family corporation called Reclaro, Inc.) in certain Florida proceedings relating to Holiday Isle. Reclaro was initially represented in the Florida proceedings by Florida counsel, not by plaintiffs' counsel herein. When Holiday Isle declared bankruptcy in October 2008, plaintiffs' counsel undertook to represent Reclaro in the bankruptcy proceedings, but not in the Florida action. In that limited capacity, plaintiffs' counsel would have had no reason to interview Carisse about the underlying facts because plaintiffs' counsel was merely acting as bankruptcy counsel for Reclaro at that time. Plaintiffs' counsel did not commence representing Reclaro in the underlying Florida proceedings until after the bankruptcy stay was lifted as to the Florida matter on February 20, 2009. Only then did plaintiffs' counsel have occasion to speak with Carisse about Reclaro's claims against Holiday Isle and any information Carisse might have concerning the state of completion of the units. At that time, counsel became aware of Carisse's site visit on March 30, 2007, and therefore her usefulness as a witness in this case.

plaintiffs' counsel did not disclose Carisse as a witness earlier because she did not know earlier that Carisse had relevant information concerning the state of completion of particular units at or near the April 1, 2007 contractual deadline.  Second, it is important to remember the procedural context of this case and the sharpening of the issues wrought by the Order on Summary Judgment (doc. 107) entered in March 2009.  That Order, *inter alia*, rejected plaintiffs' theory that completion of construction for purposes of the contractual deadline was to be gauged by the status of the entire project (including common areas) and instead determined that whether or not that deadline was satisfied turned on the state of completion of plaintiffs' specific units.  Upon reviewing the summary judgment ruling, plaintiffs' counsel reasonably determined that Carisse's observations of particular units on March 30, 2007 were potentially more significant than she had previously surmised, thereby justifying Carisse's inclusion as a witness.  At that time, plaintiffs listed Carisse as a witness.  For both of these reasons, the Court is of the opinion that plaintiffs' prior failure to disclose Carissa Carisse under Rules 26(a) and (e) was substantially justified, such that exclusion of the witness or other Rule 37(c)(1) sanctions are inappropriate.

In addition to being substantially justified, plaintiffs' failure to disclose Carisse as a witness earlier is harmless.  Her contemplated testimony is limited to a single, discrete, ancillary issue (namely, the condition of other units – not plaintiffs' units – at Holiday Isle on March 30, 2007).  Plaintiffs have offered to make Carisse available for deposition and have provided her street address so that defendant may contact her.  Defendant has not suggested that it has been unable to interview Carisse or to schedule her deposition, or that plaintiffs have erected any obstacles or impediments to defendant doing so.[2]  Furthermore, Carisse appears to be no more than a bit player in this tale.  Her contemplated testimony appears quite narrowly circumscribed,

---

[2] At most, defendant asserts in very general terms that reopening discovery now might trigger an avalanche of additional discovery needs, thwarting defendant's trial preparations and requiring extensive last-minute discovery.  In many circumstances, these concerns may be well-founded.  But not here.  Given the narrow, discrete nature of the subject matter of Carisse's proposed testimony (as identified by plaintiffs), for defendants to contact her now or even to take her deposition would not be tantamount to opening Pandora's box.  There is simply no reason to believe that pinning down Carisse's testimony (which will presumably be that she viewed certain Holiday Isle units on March 30, 2007 and observed them to be incomplete) would spawn cascading eleventh-hour discovery needs for either side.

so there is no reason to believe that taking her deposition or investigating her relevant knowledge would be an onerous endeavor, much less that it threatens to disrupt defendant's trial preparations or alter its trial strategies in any material way. The net effect is that defendant has been neither blindsided nor unfairly prejudiced. Plaintiffs disclosed Carisse with reasonable promptness after learning of her observations, and have made her available to defendant's counsel for questioning or deposition with more than a month to spare before trial. Yet rather than investigating Carisse's knowledge and using the available time to attempt to alleviate any harm attendant to her belated disclosure, defendant submits a blanket objection built on generalized notions of prejudice that may resonate in other cases, but do not appear applicable here. A litigant's unwillingness to take readily available steps to dispel any harm does not warrant the draconian remedy of a Rule 37(c)(1) sanction, yet that is what defendant proposes. Accordingly, the undersigned concludes that plaintiffs' belated disclosure of Carissa Carisse as a witness is harmless, rendering exclusion of her testimony under Rule 37(c)(1) inappropriate.

      For all of these reasons, Defendant's Motion in Limine (doc. 121) is **denied** with respect to Carissa Carisse, and her testimony will not be excluded at trial. That said, this ruling is expressly predicated on the Court's understanding from plaintiffs' counsel's representations during the pretrial conference and in briefing that Carisse's trial testimony will be confined to the issue of what she observed when she visited the property on March 30, 2007. If plaintiffs attempt to elicit testimony from Carisse that exceeds the boundaries of this discrete topic, the substantial justification and harm analyses may morph considerably, and the Court will entertain any renewed Rule 37(c)(1) motion that defendant might raise.

      With respect to the Meyer Realty representative, as stated above, plaintiffs' sole ground for calling that individual at trial would be to produce and authenticate certain punchlists. At the pretrial conference, there appeared to be considerable doubt as to whether any such punchlists are or ever were in Meyer Realty's custody. The parties' briefing on the Motion does not reflect that any progress has been made by the parties in resolving that critical threshold question. As such, it is not at all clear that (a) the subject punchlists exist, or (b) if they do exist, there will be any dispute over their authenticity that might necessitate testimony from a Meyer Realty representative. Inasmuch as the possibility of plaintiffs calling a Meyer Realty representative to testify at trial appears highly uncertain and, indeed, unlikely, it would be speculative and

premature to rule now as to whether that witness can testify in the event that plaintiffs elect to call him or her. As to the Meyer Realty representative, then, Defendant's Motion in Limine under Rule 37(c)(1) is **carried to trial**.

DONE and ORDERED this 1st day of May, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
