IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD MURRAY, III,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION 07-0771-WS-M** |
| ) | |
| **HOLIDAY ISLE, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

       This matter comes before the Court on the Motion to Quash Subpoenas (doc. 126) filed by the Town of Dauphin Island late this afternoon.

       The trial of this non-jury action is set to begin tomorrow, May 13, 2009, before the undersigned.  The parties were apprised of this trial setting at the Final Pretrial Conference held on April 7, 2009, so they have been aware of it for more than a month.  According to the Motion to Quash, however, plaintiffs served the Town of Dauphin Island with two trial subpoenas on the morning of May 12, just one day before trial.

       The first subpoena was issued to the Town of Dauphin Island Custodian of Records, and commanded the custodian to appear in court tomorrow with copies of all emails sent to or from the Town's Building Inspection Department regarding Holiday Isle for a nine-month period. The Motion to Quash states that the relevant custodian of records lacks immediate access to the requested materials and cannot obtain them in the 24-hour compliance period specified by the subpoena.  The Federal Rules of Civil Procedure provide that a subpoena may be quashed where it "fails to allow a reasonable time to comply" or "subjects a person to undue burden."  Rule 45(c)(3)(A)(i), (iv), Fed.R.Civ.P.  The custodian of records subpoena falls short in both of these respects.  It is simply unreasonable for plaintiffs to oblige the Town's custodian of records on just a single day's notice to scramble to obtain potentially extensive documentation and appear in federal court to produce and authenticate same.  Plaintiffs could and should have subpoenaed the custodian of records long before now.  That plaintiffs waited until the last possible moment to

issue and serve the subpoena does not justify the extraordinary burden they now seek to impose on the Town's custodian of records.  Accordingly, the Motion to Quash is **granted** as to the custodian of records subpoena.

The second subpoena was issued to the Town of Dauphin Island Building Inspector with the most knowledge of Holiday Isle.  The Motion reflects that the person fitting this description (a new employee with minimal if any direct knowledge of Holiday Isle) will comply with the subpoena and appear in this District Court tomorrow at 1:00 p.m.  Accordingly, no judicial action is necessary as to this subpoena.  That said, the Court strongly encourages plaintiffs to consider whether any constructive purpose whatsoever will be advanced by compelling a Dauphin Island Building Inspector with negligible direct knowledge of the facts of this case to be present in court tomorrow.  If plaintiffs answer this question in the negative, then they should notify the Town's counsel of that determination promptly to prevent a potentially unnecessary trip to federal court for the Building Inspector.

The Motion to Quash also makes reference to the status of a former Building Inspector named Joyce Allen, who is scheduled for outpatient surgery tomorrow.  It does not appear, however, that Allen has been subpoenaed directly; therefore, no Rule 45 issue is squarely presented as to this witness at this time.

The Court is prepared to address these issues with the parties in Courtroom 2A at 9:00 a.m. tomorrow morning, at the outset of the trial, should any further relief be requested by the Town of Dauphin Island, by Holiday Isle, or by plaintiffs concerning the subject subpoenas.  Should the Town of Dauphin Island wish to be heard further on this matter, its counsel should make appropriate arrangements to be present.

DONE and ORDERED this 12th day of May, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE