IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD MURRAY, III**, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 07-0771-WS-M |
| | ) |
| **HOLIDAY ISLE, LLC**, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on plaintiffs' Joint Motion to Confirm Arbitration Award (doc. 170). On October 12, 2009, the undersigned entered an Order (doc. 171) directing any party opposing the Motion to file a response on or before October 23, 2009. No such response having been filed and that deadline having expired, any objections to the relief requested in the Motion have been waived.

Pursuant to the Federal Arbitration Act, the undersigned is empowered to confirm an arbitration award by entering an order and judgment upon same. Moreover, upon timely application by any party, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. No party has requested vacatur, modification or correction of the arbitrator's award in this case. "The Federal Arbitration Act ... imposes a heavy presumption in favor of confirming arbitration awards. ... As a result, a court's confirmation of an arbitration award is usually routine or summary." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002).[1] Defendant has articulated no basis for deviating from those norms here, nor does the record reflect any facts or

---

[1] *See also AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc.*, 508 F.3d 995, 999 (11th Cir. 2007) ("The Federal Arbitration Act presumes that arbitration awards will be confirmed, and judicial review of an arbitration award is narrowly limited.") (citation omitted); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2nd Cir. 2006) ("A party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high.").

circumstances that might overcome the heavy presumption in favor of confirmation. Accordingly, plaintiffs' Joint Motion to Confirm Arbitration Award is **granted**.

The record reflects that on September 1, 2009, Arbitrator Donald C. Radcliff, Esq., entered a comprehensive award in favor of all 23 named plaintiffs and against defendant Holiday Isle.  The Arbitrator's decision set forth detailed, reasoned determinations that (1) Holiday Isle had breached the terms of the parties' preconstruction purchase agreements by failing timely to complete the subject condominium units, thereby entitling the purchasers to a full refund of their earnest money, plus accrued interest; and (2) Holiday Isle was not exempt from the provisions of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701 *et seq.*, and had failed to comply with the disclosure requirements of that statute, thereby entitling the purchasers to damages, including an award of reasonable attorneys' fees.  Based on these findings, the arbitrator awarded compensatory damages to plaintiffs in the aggregate amount of **$2,125,280.33** (consisting of all plaintiffs' earnest money and prejudgment interest on the funds of those plaintiffs who had paid by letter of credit rather than cash deposit), plus attorneys' fees in the aggregate amount of **$175,000.00**, and taxation of costs as set forth in the arbitrator's award. That award is hereby **confirmed** in its entirety.

Plaintiffs also seek an award of prejudgment interest in connection with the breach of contract claims, running from the date of the arbitration award through today's date.  Federal courts confirming arbitration awards have routinely allowed post-award, prejudgment interest. *See, e.g., Carey Rodriguez Greenberg & Paul, LLP v. Arminak*, 583 F. Supp.2d 1288, 1292 (S.D. Fla. 2008) (awarding interest at state statutory rate from the date of the arbitrator's award through the date of judgment); *In re Arbitration Between Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc.*, 420 F. Supp.2d 223, 226 (S.D.N.Y. 2005) ("Post-award, prejudgment interest is generally awarded at the discretion of the district court, and there is a presumption in favor of awarding such interest.").  The Eleventh Circuit has held that "state law governs the availability and amount of prejudgment interest in diversity cases involving the Federal Arbitration Act."  *AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc.*, 508 F.3d 995, 1002 (11th Cir. 2007).  Under Alabama law, it is well established that prejudgment interest at the default rate of 6% may be available in the breach of contract context where, as

here, damages were reasonably certain at the time of breach.  *See Goolesby v. Koch Farms, LLC*, 955 So.2d 422, 429 (Ala. 2006) ("Prejudgment interest may be available in a breach-of-contract case, ... but only if damages were reasonably certain at the time of the breach.") (citations omitted); *Rhoden v. Miller*, 495 So.2d 54, 58 (Ala. 1986) ("Where no written contract controls the interest rate ..., the legal rate of pre-judgment interest is six percent per annum."); *Mitchum Const. & Engineering Co. v. Sellers*, 632 So.2d 973, 974 (Ala.Civ.App. 1993) (similar).  For the period from September 2, 2009 through today's date, the accumulated prejudgment interest on earnest money awards of those plaintiffs who paid by letter of credit is calculated at **$14,919.63**, which will be added to the award in the final judgment.[2]

Thus adjusted by inclusion of prejudgment interest through today's date, the plaintiff-by-plaintiff awards for damages and interest are as follows:[3]

| Plaintiff | Amount |
|---|---|
| John and Tracey Gardner | $108,758.09 |
| Timothy J. Warren | $132,000.00 |
| Arthur Fitzner | $108,758.09 |
| Richard Murray, III | $168,059.86 |
| Celeste Taylor | $104,178.80 |
| Robert Tortajada, Sr. | $ 72,925.16 |
| Brian Hennick | $ 31,850.00 |
| Raymond Hennick | $ 31,850.00 |
| Arthur and Kathy Drago | $107,613.26 |
| Randall Coggins / Kenneth Thompson | $144,705.49 |
| Alan L. McLeod, Jr. | $133,944.16 |
| Reclaro, Inc. | $121,600.00 |
| Joseph J. Campus, IV | $117,916.65 |

---

[2] That amount is computed as follows: $1,592,300 (the total sum of deposits for which the arbitrator found that prejudgment interest was appropriate) x 0.06 (statutory rate of interest per annum) x 57 (the number of days from arbitrator's award through entry of final judgment herein) ÷ 365 (the number of days in a year) = $14,919.63.

[3] With respect to plaintiffs Timothy J. Warren, Brian Hennick, Raymond Hennick, and Reclaro, Inc., each of whom paid via cash deposit rather than letter of credit, the arbitrator found that those plaintiffs were entitled to all actual accrued interest on their cash deposits, in lieu of statutory prejudgment interest.  Those amounts were not specifically delineated in the award.  No objections having been articulated, this Order and Judgment confirm and adhere to this aspect of the award; therefore, no prejudgment interest calculations have been made for those plaintiffs, who will instead be entitled to accrued interest on their cash deposits through today's date.

| | |
|---|---|
| Joseph J. Campus, III | $137,378.63 |
| Greg Woodfin | $147,682.03 |
| Lisa and Jay Murray | $156,611.64 |
| Charles Campbell | $166,228.14 |
| Charles and Donna Steinau | $148,139.96 |

Finally, plaintiffs request an award of post-judgment interest. Such an award is proper. *See Parsons & Whittemore Alabama Machinery and Services Corp. v. Yeargin Const. Co.*, 744 F.2d 1482, 1484 (11th Cir. 1984) ("a district court judgment affirming an arbitration award is governed by statutory post-judgment interest rates"). Under federal law, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). The statute further provides that such interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." *Id.* (footnote omitted). According to Federal Reserve Statistical Release H.15, dated October 26, 2009 and found at www.federalreserve.gov/releases/h15/current, the average 1-year constant maturity Treasury yield for the week ending October 23, 2009 was 0.39%. Accordingly, post-judgment interest shall accrue at the statutory rate of **0.39%** from this date forward.

The confirmation of the arbitrator's award, and the addition of prejudgment interest through the date of judgment, will be formalized via entry of separate judgment.

Because this Order and the accompanying Judgment resolve all remaining issues against all remaining parties herein, the Clerk's Office is directed to close this file for administrative and statistical purposes.

DONE and ORDERED this 29th day of October, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE